PER CURIAM:
Application for clarification is granted.
This court’s order suppressing the prior testimony of Van Develde was based on the fact that the defendant did not have an opportunity and similar motive to develop the testimony at the prior hearing by cross-examination. As such, introduction of the deceased witness’s prior statements would violate the Sixth Amendment’s confrontation clause, as well as Louisiana Code of Evidence Rule 804(B)(1).
Testimony of other witnesses as to Van Develde’s lineup identification will necessarily include elements of the suppressed prior testimony and its admission would thus violate the Sixth Amendment and La.C.E.Rule 804(B)(1). Because Van Develde is unavailable, the state would thereby circumvent this court’s ruling and present inadmissible hearsay communications of Van Develde to the jury. Any assertive action of Van Develde, even if not oral, pointing to and picking out the defendant at a lineup, was a communication to others present that the defendant was involved in the killing. It would be introduced for the purpose of proving the truth of the matter so asserted, i.e., that the defendant was a coperpetrator of the crime in which the victim was slain. State v. Ford, 336 So.2d 817 (La.1976). Therefore, the introduction of testimony of observers at the lineup of Van Develde’s communications made there cannot be permitted.
Accordingly, it is ordered that all testimony of witnesses as to Van Develde’s lineup identification are also suppressed.
HALL, J., would deny the writ.
WATSON, J., not on panel.